# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| NATHAN HOYE, | : | CIVIL ACTION NO. 3:17-CV-0626 |
|---|---|---|
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| SCI HUNTINGDON MEDICAL STAFF | : | FILED SCRANTON NOV 1 4 2017 |
| Defendant | : | PER _____ DEPUTY CLERK |

## MEMORANDUM

On February 3, 2017, Plaintiff, Nathan Hoye ("Hoye"), an inmate presently confined in the Houtzdale State Correctional Institution, in Houtzdale, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he is not being treated for his tapeworm infestation. (Doc. 7). Named as Defendant is the SCI-Huntingdon Medical Staff.

As Hoye seeks to proceed in forma pauperis in this action, the Complaint is before us for screening pursuant to 28 U.S.C. § 1915. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Hoye will be permitted to file an amended complaint.

## I. Standard of Review

The Court is required to screen Hoye's Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fails to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Vaughn v. Cambria Cty. Prison, No. 17-1031, 2017 WL 4403207, at * 1 (3d Cir. Oct. 3, 2017) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In resolving a motion to dismiss, we "conduct a two-part analysis." Fowler, 578, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id., 578 F.3d at 210–11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id., 578 F.3d at 211 (quoted case omitted).

In addition, a complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" Fantone v. Latini, 780 F.3d 184 (3d Cir. 2015) (citing Haines v. Kerner, 404 U.S. 519, 520 – 21 (1972)); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). Yet, even a pro se plaintiff "must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)

(citation omitted). A plaintiff is to be granted leave to file a curative amended complaint even when he does not seek leave to amend, unless amendment would be inequitable or futile. See Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 861 (3d Cir. 2014).

## II. Allegations of the Complaint

The factual allegations of Hoye's complaint are extremely brief. Hoye claims he arrived at SCI-Huntingdon on January 11, 2017. (Doc. 7, p. 2). While there, he claims "[t]hey are leaving parasites tapeworms in my blood, intes[tines], stomach. Will not do treatment to remove it. Caus[ing] damage[] in body, intes[tines] very painful." (Id.) He seeks a Court order mandating he be sent to an outside hospital for evaluation and treatment.

The sole identified defendant is "SCI-Huntingdon Medical Staff".

## III. Discussion

### A. Failure to State a Claim

To state a viable Section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or the laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580–81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability

4

in a civil-rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249–50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3d Cir. 1988). Liability cannot be imposed on a defendant in a § 1983 action based on a theory of respondeat superior. Chavarriaga v. New Jersey Dept. of Corr., 806 F.3d 210, 222 (3d Cir. 2015).

The sole named defendant in the Complaint is the Medical Staff at SCI-Huntingdon. (Doc. 7). As noted above, Section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. See 42 U.S.C. § 1983. A prison or correctional facility is not a person for the purpose of civil rights liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). The Court of Appeals for the Third Circuit in Fischer also recognized that a department within a prison may not be sued in a civil rights action since it is not a person. See Fischer, 474 F.2d at 992 (concluding that the prison medical department is clearly not a person for purposes of § 1983). Based upon an application of the above standards, the Medical Department at SCI-Huntingdon is not a person amenable to suit in a federal civil rights action. Accordingly, Hoye's Complaint, in its present form, is

subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### B. Leave to Amend

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. In this instance, it is likely that Hoye will be able to cure the identified deficiencies of medical claim by naming proper Defendants. Accordingly, Hoye will be granted twenty-one (21) days to file an amended complaint. If Plaintiff decides to file an amended complaint, he is advised that it must contain the same docket number as the instant complaint, should be labeled "Amended Complaint," and it must be retyped or legibly rewritten in its entirety. Plaintiff shall not include new allegations or claims that are not reasonably related to the medical claim asserted in his original Complaint. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013).

6

Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Plaintiff is also advised that his amended complaint must be concise and direct. See Fed. R. Civ. P. 8(d). Each allegation must be set forth in <u>individually numbered paragraphs</u> in short, concise and simple sentences. Id. (emphasis added). The allegations alleged should be specific as to time and place, and should identify the specific person(s) responsible for the deprivation of his constitutional rights and what each individual did that led to the deprivation of his rights. Iqbal, 556 U.S. 676. He must also specify the relief he seeks with regard to each claim and defendant. Failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

A separate Order will be issued.

Date: November 9, 2017　　　　　　　　　　　　　　/s/ William J. Nealon
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge